UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JANE DOE, | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:23-CV-01679 |
| | ) | |
| v. | ) | |
| | ) | Judge Edmond E. Chang |
| CITY OF CHICAGO and | ) | |
| JAMES E. GONZALES, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

After Jane Doe was assaulted on a Chicago subway platform in March 2021, James Gonzales, a Chicago Police detective, was assigned to investigate the case. R. 62, Am. Compl. ¶¶ 16–17.[1] But Doe alleges that Gonzales soon began making unwanted sexual advances towards her and ultimately forced her to have sex with him. *Id.* ¶¶ 19–31. Doe felt unable to reject Gonzales's sexual advances because she feared for her safety and feared that the investigation into the earlier assault would be halted. *Id.* ¶ 44. She also alleges that Gonzales later verbally abused and physically assaulted her. *Id.* ¶¶ 40–43.

Based on these allegations, Doe sued the City of Chicago and Gonzales, bringing three civil rights claims against Gonzales, as well as *Monell* municipal liability and state law indemnification claims against the City.[2] *Id.* at 7–19. Both the City and

---

[1]Citations to the record are "R." followed by the docket entry number and, if needed, a page or paragraph number.

[2]The Court has federal-question jurisdiction under 28 U.S.C. § 1331. Supplemental jurisdiction applies to the state law indemnification claim under 28 U.S.C. § 1367.

Gonzales then moved to dismiss the complaint for failure to state a claim. R. 12, City First Mot.; R. 34, Gonzales Mot. The Court denied Gonzales's motion across-the-board and denied the City's motion to dismiss Doe's *Monell* claim. R. 56, MTD Op. at 2. But the Court did dismiss Doe's indemnification claim, concluding that Gonzales was acting outside the scope of his employment when he sexually assaulted Doe. *Id.* at 2, 12–13. Doe then amended her complaint, alleging additional facts related to her indemnification claim. Am. Compl. at 16–19. The City now moves to dismiss again, arguing that Doe still fails to state a claim for indemnification and that she also fails to adequately state a due process claim. R. 68. City Second Mot. Because the amendments to the Complaint do not change the conclusion that Gonzales was not acting within the scope of his employment, the indemnification claim is dismissed again. But because Doe successfully alleges that her bodily integrity was violated, the City's motion to dismiss the substantive due process claim is denied.

## I. Background

The Court accepts all well-pleaded factual allegations in the Complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Jane Doe, an African-American woman, was assaulted on a Chicago Transit Authority Red Line subway platform on March 3, 2021. Am. Compl. ¶¶ 5, 16. James Gonzales, a Chicago Police detective, was assigned to investigate the attack. *Id.* ¶ 17. After learning through his investigation that Doe was a survivor of sex trafficking, Gonzales began engaging in a pattern of inappropriate behavior and then outright nonconsensual sexual violence towards her. *Id.* ¶¶ 18–20.

The inappropriate behavior began on March 16, 2021, when Gonzales reached out to Doe to meet about the assault investigation. Am. Compl. ¶ 23. That day, when Gonzales first met Doe, he began non-consensually sexually grooming her by taking her to dinner, giving her money, and hugging and kissing her. *Id.* ¶ 24. Gonzales then began sending Doe sexually charged messages about the investigation and continued making unwanted sexual advances towards Doe via text messages and phone and video calls. *Id.* ¶¶ 26–29. Doe felt unable to reject Gonzales's advances and unable to stop communicating with him because she feared for her safety if she rejected him. *Id.* ¶¶ 25, 27. On March 18, Gonzales came to the hotel room that Doe was staying at and forced her to have oral and vaginal sex with him. *Id.* ¶ 31. He then paid her $100. *Id.* ¶ 32.

Four days later, after getting Doe's address through Chicago Police Department records, Gonzales picked her up at her home. *Id.* ¶¶ 34–36. He then took Doe to buy a cell phone so that he could keep her updated on the assault investigation. *Id.* ¶ 36. When they were at the cell phone store, Gonzales repeatedly groped Doe, despite her asking him to stop. *Id.* ¶ 37. After leaving the store, Gonzales made several more sexual advances towards Doe. *Id.* ¶ 38. When Doe rejected these advances, Gonzales became angry, verbally abused Doe, and threatened to call the SWAT team to put her in jail. *Id.* ¶ 40. Gonzales then assaulted Doe, twisting her neck, arm, and breast. *Id.* ¶¶ 41–43. After this assault, Doe feared that Gonzales would continue to retaliate against her for refusing his advances, and she feared for her life. *Id.* ¶ 44.

So Doe sued Gonzales and the City of Chicago. R. 1, Compl. She brings three § 1983 claims against Gonzales: for using excessive force against her, unreasonably seizing her, and violating her due process rights. Am. Compl. at 7–11. She also brings a *Monell* municipal-liability claim and a state law claim for indemnification against the City. *Id.* at 11–19. Gonzales and the City then moved to dismiss the claims against them, asserting that Doe failed to adequately state a claim for relief. *See* City First Mot.; Gonzales Mot. The Court denied Gonzales and the City's motions, except that the Court granted the City's motion to dismiss Doe's indemnification claim, reasoning that Gonzales was acting outside the scope of his employment when he sexually assaulted Doe. MTD Op. at 2.

Doe then amended her complaint, alleging additional facts with respect to her indemnification claim. Am. Compl. The City now moves to dismiss once more. City Second Mot. It argues that Doe's Amended Complaint does nothing to change the Court's previous holding that Gonzales was acting outside the scope of his employment. And it contends that Doe fails to state a due process claim because she was not arrested or convicted and did not have a trial. *Id.* at 3–8.

## II. Legal Standard

Under Federal Rule of Civil Procedure 8(a)(2), a complaint generally need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests."

4

*Twombly*, 550 U.S. at 555 (cleaned up).[3] The Seventh Circuit has explained that this rule "reflects a liberal notice pleading regime, which is intended to 'focus litigation on the merits of a claim' rather than on technicalities that might keep plaintiffs out of court." *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)).

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Ord. of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (cleaned up). These allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations that are entitled to the assumption of truth are those that are factual, rather than mere legal conclusions. *Iqbal*, 556 U.S. at 678–79.

### III. Analysis

### A. Indemnification

The City begins by arguing that the indemnification claim should be dismissed again because none of the amendments that she made to her Complaint disturbs the Court's previous conclusion that Gonzales was acting outside the scope of his

---

[3]This opinion uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

employment when he sexually assaulted Doe. City Second Mot. at 3. That argument succeeds.

In the Amended Complaint, Doe now asserts that Gonzales acted in the scope of his job as a police officer to contact, groom, and then sexually assault her. For example, Doe alleges that Gonzales "acted in the course and scope of his employment with Defendant, City of Chicago, when he made contact with Jane Doe as a part of his investigation against Jane Doe." Am. Compl. ¶ 88. Similarly, Doe also alleges that Gonzales "acted in the course and scope of his employment with Defendant, City of Chicago, when he would text Jane Doe's cell phone number as a part of his investigation against Jane Doe." *Id.* ¶ 95. Although Doe repeatedly asserts that Gonzales acted within the scope of his employment, that is a *legal* conclusion, not a factual allegation. So it is not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 678–79. And the facts that Doe does allege do not support that legal conclusion. Instead, although the added facts in the Amended Complaint bolster the conclusion that Gonzales acted under the color of law (which is an element of the § 1983 claims), they do not show that he was acting within the scope of his employment for the indemnification claim.

As the prior opinion explained, whether an individual was acting under the color of state law and whether he was acting within the scope of his employment "are two separate, independent inquiries and are governed by different standards." MSJ Op. at 12. "An action is taken under color of state law if it involves a misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Estate of Sims v. County of Bureau*, 506 F.3d

6

509, 515 (7th Cir. 2007) (cleaned up). In contrast, the conduct of an employee "is not within the scope of employment if it is different in kind from that authorized, far beyond the authorized time or space limits, or too little actuated by a purpose to serve" the employer. *Pyne v. Witmer*, 543 N.E. 2d 1304, 1308 (Ill. 1989) (cleaned up).

The fact that Gonzales initially got in contact with Doe through his investigation into the subway-platform assault and the fact that he would text her as part of the investigation show that the sexual assault involved a misuse of power and was made possible only because of Gonzales's position as a police officer. But those facts do not establish that Gonzales was *serving* his employer, the Chicago Police Department, by committing the sexual assaults. As explained in the prior opinion, Illinois courts have generally held that "acts of sexual assault are outside the scope of employment" because conduct "that is solely for the benefit of the employee" is not within the scope of employment. *Deloney v. Board of Educ. of Thornton Twp.*, 666 N.E.2d 792, 797–98 (Ill. App. Ct. 1996) (citing cases). That reasoning holds true here. Gonzales did not aim to benefit the Chicago Police Department by sexually assaulting Doe; instead, he committed the sexual assaults solely for his own purposes. So Gonzales acted outside the scope of his employment.

Doe cites two cases in support of her position that Gonzales acted within the scope of his employment: *Doe v. Golding*, 2022 WL 5027095 (C.D. Ill. Oct. 4, 2022) and *Hill v. Shaffer*, 2022 WL 4448870 (S.D. Ill. Sep. 23, 2022). But both cases are distinguishable from this one. In both cases, the plaintiffs were detained in jail when they were sexually assaulted by correctional officers, who were on duty. *Doe*, 2022

7

WL 5027095, at *1; *Hill*, 2022 WL 4448870, at *1. So in *Doe* and *Hill*, the officers were actively doing their jobs and serving their employers during the time that they committed the sexual assaults in question. There is thus a much tighter connection between the officers' employment and the sexual assaults in those cases than with Gonzales. Though Gonzales used his position and authority as a police officer to facilitate the sexual assaults, he was not actively serving the Chicago Police Department when he committed the sexual assaults against Doe. Because Gonzales's actions were outside the scope of his employment, the indemnification claim is dismissed.

### B. Due Process

The City next asserts that Doe's due process claim must be dismissed because she was not arrested or convicted and because she never went to trial. City Second Mot. at 7. This argument misunderstands Doe's claim. Doe is not bringing a *procedural* due process claim. Instead, she brings a *substantive* due process claim, alleging that the sexual assaults "violated her right to bodily integrity" and "shock[ed] the conscience." Am. Compl. ¶ 59. The Seventh Circuit has recognized that claims like can viably state a claim for relief.

For example, in *Hess v. Garcia*, 72 F.4th 753 (7th Cir. 2023), a student was sexually assaulted by a police officer during a ride-along, so she brought several claims against the officer, including a due process claim. *Id.* at 757. The Seventh Circuit concluded that the student had alleged a plausible due process claim, explaining that "our precedents have recognized a substantive due process right against sexual assault by state actors in cases where no search or seizure occurred." *Id.* at 764. The

8

court went on the hold that where "a plaintiff plausibly alleges sexual assault by a public official acting under color of law, that plaintiff has stated a claim for a violation of her right to bodily integrity protected under the Fourteenth Amendment." *Id.* at 767. Doe has cleared that bar here. As explained in the previous opinion, Doe has plausibly alleged that Gonzales sexually assaulted her, and in doing so, acted under the color of law. MTD Op. at 5–7. Thus, it does not matter that Doe was not arrested or convicted and never had a trial. She properly states a substantive due process claim, and the City's motion to dismiss is denied with regard to this claim. Also, to the extent that Doe's *Monell* claim is based on this due process violation, that claim also survives the motion to dismiss.

### IV. Conclusion

The City of Chicago's motion to dismiss, R. 68, is denied as to the substantive due process and *Monell* claims (Counts 3 and 4) and granted as to the indemnification claim (Count 5). The indemnification claim is now dismissed with prejudice because Doe has already had a chance to amend her complaint.

ENTERED:

                                      s/Edmond E. Chang
                                  Honorable Edmond E. Chang
                                  United States District Judge

DATE: August 13, 2025